**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CONSERVATION FORCE, et al., | |
| Plaintiffs, | Civil Action No. 10-CV-1262 (BJR) |
| v. | MEMORANDUM AND OPINION |
| KEN SALAZAR, et al., | GRANTING MOTION TO DISMISS |
| Defendants. | |

## I.    INTRODUCTION

This matter is before the court on Defendants' Motion to Dismiss Claims II, III and IV of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (Dkt. No. 32.). Plaintiffs filed an Opposition to the Motion on April 30, 2012 (Dkt. No. 33), Defendants filed a Reply on May 8, 2012 (Dkt. No. 34). Having considered the parties' arguments, pleadings, and relevant case law, the court finds and rules as follows.

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendants Ken Salazar, Secretary of the United States Department of Interior, Daniel M. Ashe, Director of the United States Fish and Wildlife Service, and the United States Fish and Wildlife Service (collectively, the "Service" or "Defendants"), move this court, pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss Claims II-IV of Plaintiffs', Conservation Force, Steve Hornady, Barbara Lee Sackman, Alan Sackman, Jerry Brenner, Dallas Safari Club, Houston Safari Club, African Safari Club of Florida, Inc., The Conklin Foundation, Grand Slam Club/Ovis, Wild Sheep Foundation, Sardar Naseer A. Tareen, and the Society for Torghar Environmental Protection, (collectively, "Plaintiffs") First Amended Complaint.

Plaintiffs are a group of individuals who are willing to pay what some may understandably consider an extraordinary amount of money for the right to hunt and kill the straight-horned markhor, a species of wild goats found in small, isolated populations in the mountains of Afghanistan, Pakistan, Tajikistan, Turkmenistan, and Uzbekistan. The straight-horned markhor is listed as "endangered" under the Endangered Species Act (the "ESA"). Plaintiffs hold themselves out as conservationists, a rather unexpected title for a group of individuals who hunt and kill endangered animals. However, Plaintiffs contend that their willingness to pay large sums of money for the right to hunt these goats has caused local tribal chieftans to place a ban on all unauthorized hunting of the goats by locals and outsiders, presumably to ensure the stabilization of the species' population so that the chieftans may collect tourist hunting fees. Plaintiffs alleged that the goat population has increased significantly as a result of the hunting ban.

Nevertheless, the goats remain on the endangered species list, and, as such, the hunters are prohibited from importing their "trophies" into the United States. Plaintiffs assert that their inability to import the goat carcasses has artificially deflated the revenues derived from the tourist hunting because "Americans are unwilling to pay full price to hunt if they are unable to bring their trophies home." (First Amended Complaint, Dkt. No. 30, ¶ 52.).

Included with Plaintiffs are four hunters who each killed a straight-horned goat in Pakistan in 2008 and 2009, applied to the Service for permits to import the carcasses into the United States, and whose applications were denied in October 2009. On July 26, 2010, Plaintiffs filed the present action challenging those denials under the Administrative Procedures Act (the "APA"), U.S. Constitution, and the ESA. Plaintiffs also sought to challenge the Service's alleged failure to undertake a five-year status review, alleged deprivation of due process, and violation of

the ESA "bundle of duties." The Service moved to dismiss all claims except Plaintiffs' permit denial claim. On September 2, 2011, this court dismissed the five-year status review and due process claims, as well as the remaining claims to the extent that the claims alleged violations of ESA Section 8. (Dkt. No. 16 at 28.). Following the September 2nd Order, the only claim that remained was Plaintiffs' allegation that the "Service arbitrarily and capriciously denied the import trophy permits…." (*Id*.).

On March 26, 2012, Plaintiffs file a First Amended Complaint. (Dkt. No. 30.). In addition to alleging that the Service's denial of the import permits was arbitrary and capricious, the amended complaint contains the exact same five-year status review, due process and breach of ESA "bundle of duties" claims that were dismissed by this court on September 2, 2011. (*Id*.). Counsel for the Service contacted Plaintiffs' counsel on March 22, 2012 and April 10, 2012 to confer about whether Plaintiffs intended to pursue these claims, and if not, letting Plaintiffs' counsel know that the Service would not object if Plaintiffs filed a second amended complaint in order to eliminate the claims. (Dkt. No. 32 at 1.). Plaintiffs' counsel responded that he has "no interest in voluntarily dismissing or eliminating claims that have already been dismissed because it is unnecessary to waste any more time dealing with claims that are no longer at issue." (Dkt. No. 33 at 6.). Plaintiffs' counsel also noted that "[w]hatever the trial court dismissed the trial court dismissed, and that speaks for itself. Obviously it is no longer an issue before the trial court." (*Id*.).

### III.   DISCUSSION

Plaintiffs concede that the First Amended Complaints' Claim II (challenging the Service's alleged failure to perform a five-year status review), Claim III (alleging violations of Plaintiffs' due process rights) and Claim IV (to the extent that this claim alleges violations of §

1537(b) of the ESA) are "no longer at issue" in this case. (Dkt. No. 33 at 7.). Yet, Plaintiffs' counsel refused to remove the claims from the amended complaint, arguing that just because the claims were not "physically deleted or stricken" from the amended complaint, this "could not reasonably led [sic] Defendants to believe [that] the [First Amended Complaint] constituted an attempt to revive the dismissed claims therein." (*Id*.).

Plaintiffs' argument is frivolous. The Amended Complaint explicitly seeks relief pursuant to the allegations raised in Claims II, III and IV. To argue otherwise is disingenuous. Plaintiffs' counsel's failure to remove the already dismissed claims from the First Amended Complaint has caused opposing counsel and the court to waste time disposing of this issue. Such blatant disregard for the limited resources of the court will not be tolerated in the future.

## V.    CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is HEREBY GRANTED. Claims II, III and IV (to the extent that Claim IV is based on alleged violations of § 1537(b) of the ESA) are DISMISSED. Plaintiffs are instructed to file a second amended complaint that is in accordance with the terms of this order on or before July 30, 2012.

Dated this 23rd day of July, 2012.


_____
Barbara Jacobs Rothstein
U.S. District Court Judge