**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CONSERVATION FORCE, et al.,** | |
| **Plaintiffs,** | Civil Action No. 10-CV-1262 (BJR) |
| **v.** | **MEMORANDUM AND OPINION ON** |
| **KEN SALAZAR, et al.,** | **CROSS MOTIONS FOR SUMMARY** |
| **Defendants.** | **JUDGMENT** |

## I.      INTRODUCTION

This matter is before the Court on cross motions for summary judgment. Plaintiffs filed

their motion on May 17, 2012 (Dkt. No. 36, "Pls.' Mot.") and Defendants filed a Combined

Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary

Judgment on June 14, 2012 (Dkt. No. 40, "Defs.' Mot."). Plaintiffs' filed a Combined

Opposition to Defendants' Motion for Summary Judgment and Reply in Support of Plaintiffs'

Motion for Summary Judgment on August 1, 2012. (Dkt. No. 44, "Pls.' Reply."). Defendants

filed their reply thereto on August 31, 2012. (Dkt. No. 48, "Defs.' Reply."). Both parties filed

notices of supplemental authority. (Dkt. Nos. 47 and 51.). Having considered the parties'

arguments, pleadings, and relevant case law, the Court finds and rules as follows:

## II.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendants Ken Salazar, Secretary of the United States Department of Interior, Daniel M.

Ashe, Director of the United States Fish and Wildlife Service, and the United States Fish and

Wildlife Service (collectively, the "Service" or "Defendants"), move this Court, pursuant to Fed.

R. Civ. P. 56 for summary judgment regarding the Service's denial of the Plaintiffs' import

permit applications. Likewise, Plaintiffs, Conservation Force, Steve Hornady, Barbara Lee

Sackman, Alan Sackman, Jerry Brenner, Dallas Safari Club, Houston Safari Club, African Safari Club of Florida, Inc., The Conklin Foundation, Grand Slam Club/Ovis, Wild Sheep Foundation, Sardar Naseer A. Tareen, and the Society for Torghar Environmental Protection, (collectively, "Plaintiffs"), also move for summary judgment pursuant to Federal Rule 56. (Second Amended Complaint ("SAC"), Dkt. No. 43 at ¶¶ 11- 23.) .

Plaintiffs are sport-hunters who are willing to pay large sums of money for the right to hunt and kill the straight-horned markhor, a species of wild goat found in small, isolated populations in the mountains of Afghanistan, Pakistan, Tajikistan, Turkmenistan, and Uzbekistan. (SAC at ¶ 48.) The straight-horned markhor is listed as "endangered" under the Endangered Species Act (the "ESA"). (*Id*. at ¶¶ 48-49.). Plaintiffs claim that hunting markhor goats actually contributes to the conservation of the species. (*Id*. at ¶¶ 50-52.). According to Plaintiffs, the fact that some sport-hunters are willing to pay fees for the right to hunt the goats has caused local tribal chieftans to place a ban on all unauthorized hunting of the goats by locals, presumably to ensure the stabilization of the species' population so that the chieftans may collect tourist hunting fees. (*Id*. at ¶¶ 51-52.). Plaintiffs allege that the goat population has increased significantly as a result of the hunting ban. (*Id*. at ¶¶ 50-51, 56.).

Nevertheless, the markhor remains on the endangered species list, and, as such, the hunters are prohibited from importing their "trophies" into the United States. (*Id*. at ¶¶ 48-49, 106.). Plaintiffs assert that their inability to import the goat carcasses has artificially deflated the revenues derived from the sport-hunting because "Americans are unwilling to pay full price to hunt if they are unable to bring their trophies home." (*Id*. at  ¶ 108.).

Plaintiffs include four hunters who each killed a straight-horned markhor in Pakistan in 2004, 2008 and/or 2009. (*Id*. at ¶¶ 12-15.). Each applied to the Service for permits to import the

carcasses into the United States, and each received an adverse decision in October 2009. (*Id*.). On July 26, 2010, Plaintiffs filed the present action challenging the denials under the Administrative Procedures Act (the "APA"), U.S. Constitution, and the ESA. (*Id*. at ¶ 4.). The Service moved to dismiss all claims except Plaintiffs' permit denial claim under the APA. This Court granted the Service's motion on September 2, 2011. (Dkt. No. 16 at 28.). Following the September 2nd Order, the only claim that remained was Plaintiffs' allegation that the Service "arbitrarily and capriciously denied the import trophy permits…." (*Id*.). This claim is the subject of the cross-motions for summary judgment that are presently before the Court.

Plaintiffs move the Court to set aside the Service's denial of the permit applications. (Pls.' Mot. at 1.). They argue that the denials were arbitrary, capricious and an abuse of discretion.[1] (*Id*.). The Service counters that Plaintiffs failed to exhaust the administrative remedies available to them under 50 C.F.R. § 13.29. (Defs.' Mot. at 2.). As such, the Service argues, the denials do not constitute final agency action and, therefore, the remaining APA claim must be dismiss. (*Id*.). The Services further argues that even if this Court were to determine that Plaintiffs' claim is judicially reviewable under the APA, the claim fails on the merits under the "highly deferential" arbitrary and capricious standard of review. (*Id*. at 2-3.). Because the Court finds that Plaintiffs failed to exhaust their administrative remedies, it will grant the Service's motion for summary judgment and deny Plaintiffs' cross motion.

## II.    LEGAL STANDARD

Under the APA, a court must set aside an agency action that is "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706. This standard of review is highly deferential to the agency, so that a court need not find that the

---

[1]     To the extent that any other claims are raised in the Second Amended Complaint, the Court will disregard those claims as dismissed pursuant to the September 2, 2012 order. *See also*, Order Granting Motion to Dismiss dated July 23, 2012, Dkt. No. 42.

agency's decision is "the only reasonable one, or even that it is the result [the court] would have reached had the question arisen in the first instance in judicial proceedings." *Am. Paper Inst., Inc. v. Am. Elec. Power Serv. Corp*., 461 U.S. 402, 422 (1983) (quoting *Unemployment Compensation Comm'n v. Aragon*, 329 U.S. 143, 153 (1946). Rather, to survive the "arbitrary and capricious" standard, an agency need show only that it "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action, including a 'rational connection between the facts found and the choice made.'" *PPL Wallingford Energy LLC v. Fed. Energy Regulatory Comm'n*, 419 F.3d 1194, 1198 (D.C. Cir. 2005) (quoting *Motor Vehicle Mfrs. Ass'n, v. State Farm Mut. Auto. Ins. Co*., 463 U.S. 29, 43 (1983) (internal punctuation omitted)).

However, a court may not review a non-final agency action. *Fund for Animals, Inc. v. United States BLM*, 460 F.3d 13, 18 (D.C. Cir. 2006); *Hall v. Sebelius*, 689 F. Supp. 2d 10, 19 (D.D.C. 2009) (noting that a non-final agency action is not subject to judicial review under the APA). An agency action is final if it "1) marks the consummation of the agency's decision making process" and 2) affects the "rights or obligations … [or the] legal consequences" of the party seeking review. *Bennett v. Spear*, 520 U.S. 154, 177 (1997); *Domestic Secs. v. SEC*, 333 F.3d 239, 246 (D.C. Cir. 2003). Therefore, prior to reaching the merits of Plaintiffs' claim, this Court must consider whether the agency's position is final and whether it has a "direct and immediate effect" on the parties.

## III.    DISCUSSION

The Service argues that Plaintiffs failed to exhaust their administrative remedies with respect to the remaining APA claim. It claims that Plaintiffs did not ask the Service to reconsider its decision to deny Plaintiffs' permit applications, nor did Plaintiffs appeal the decision to the Director of the Service before instituting the present lawsuit. Therefore, the Service maintains,

the permit denials are not final agency actions within the meaning of 5 U.S.C. § 704, and this case must be dismissed. Plaintiffs concede that they did not seek reconsideration of the agency decision, but counter that they are entitled to judicial review without first pursuing an administrative appeal for two reasons. First, they contend that judicial review is appropriate because they waited until the denials were deemed "final" for administrative review purposes (*i.e.*, the administrative deadline had expired after which no motion for reconsider or appeal to the Director could filed) before seeking the Court's review. Pls.' Resp. at 13. Second, they suggest that pursuant to *Darby v. Cisneros*, 509 U.S. 137 (1993), exhaustion is not necessary in this case because the Service has not instituted a "mandatory review process" for permit denials. *Id*. For the reasons discussed below, the Court concludes that this action must be dismissed.

Under the APA, administrative exhaustion is required when it is mandated by statute or agency rule. *Darby*, 509 U.S. at 146 (the APA "limit[s] the availability of the doctrine of exhaustion of administrative remedies to that which the statute or rule clearly mandates"); *see also*, *DSE, Inc. v. United States*, 169 F.3d 21, 26-27 (D.C. Cir. 1999) ("[u]nder the APA, a party can seek judicial review from a final agency action without pursuing an intra-agency appeal unless required to do so by statute or by regulation"). Therefore, to determine whether Plaintiffs were required to exhaust administrative remedies before seeking judicial review, this Court must determine whether the applicable statute or agency regulations mandate exhaustion. *See Jasperson v. F.B.I.*, 460 F. Supp. 2d 76, 86 (D.D.C. 2006).

Here, the Service asserts that agency regulation 50 C.F.R. § 13.29 mandates exhaustion before a plaintiff may seek judicial review of an adverse permit decision. 50 C.F.R. § 13.29 sets forth the administrative process through which permit denials may be appealed to reach a "final administrative decision." Defs.' Mot. at 17. Under 50 C.F.R. § 13.29(a)(1), "[a]n applicant for a

permit who has received written notice of denial" may request "reconsideration of the action."
"A person who has received an adverse decision following submission of a request for
reconsideration may submit a written appeal to the Regional Director," and "the decision of the
Regional Director or the Director *shall constitute the final administrative decision of the
Department of the Interior*." 50 C.F.R. § 13.29(e)-(f)(3) (emphasis added). The agency
regulations further provide that parties have forty-five days within which to seek review. *See*
Pls.' Resp. at 13.

Plaintiffs counter that the review procedure detailed in 50 C.F.R. § 13.29 is not a
mandatory process, but rather, optional.  Presumably, in making this argument, Plaintiffs rely on
the regulation's use of the word "may"—as in a person who received an adverse decision "may
request reconsideration" or "may submit a written appeal to the Regional Director." 50 C.F.R. §
13.29(e)-(f)(3). The Court is not persuaded by this argument. The Secretary created a procedure
for appealing an adverse decision. The purpose of this procedure is to provide the agency's "top
level" an opportunity to review the action before federal courts intervene. *See Career Education,
Inc. v. Department of Education*, 6 F.3d 817, 820 (D.C. Cir. 1993) (requiring exhaustion under
an agency regulation similar to the present regulation "in order to give the Department's top
level of appeal an opportunity to place an official imprimatur on the Department's interpretation
of its regulations before it is reviewed by a federal court").  Indeed, 50 C.F.R. § 13.29 states that
"the decision of the Regional Director or the Director shall constitute the final administrative
decision of the [agency]." *Id*. at § 13.29(f)(3). Allowing Plaintiffs to circumvent this process by
simply not partaking in it would defeat the very purpose of the review procedure.

Contrary to what Plaintiffs argue, *Darby v. Cisneros*, 509 U.S. 137 (1993) does not
compel a contrary conclusion. In *Darby*, the Supreme Court noted that an agency action is

"final" and "subject to judicial review" when "an aggrieved party has exhausted all administrative remedies expressly provided by statute *or agency rule*." *Id*. at 146 (emphasis added). In other words, if the APA and/or an agency rule provides for a review process, an aggrieved party must exhaust that process before seeking judicial review. Here, 50 C.F.R. § 13.29 expressly provides for a review process; Plaintiffs must exhaust that process before proceeding to federal court.

Next, Plaintiffs argue that the agency-imposed forty-five day deadline within which an aggrieved party may request reconsideration and appeal has passed. Therefore, Plaintiffs contend, the denial decisions are now final. This argument also fails. Again, if the Court were to allow Plaintiffs to circumvent the agency appeal process by simply refusing to participate, it would defeat the very purpose of the process. *See e.g. Marine Mammal Conservancy v. Department of Agriculture*, 134 F.3d 409, 411 (D.C. Cir. 1998) (plaintiff's failure to prosecute an administrative appeal "doomed" its petition to federal court even though the deadline within which to file the administrative appeal had expired).[2]

Lastly, Plaintiffs contend that the cases relied on by the Service are not applicable to the present situation. In making this argument, Plaintiffs ignore, entirely, the three relevant D.C. Circuit cases that the Service cites—*Marine Mammal, Career Education*, and *Marcum*. In each of these cases, the D.C. Circuit Court dismissed the plaintiffs' claims because they failed to exhaust the administrative remedies available to them. *Marine Mammal*, 134 F.3d 409; *Career Education*, 6 F.3d 817; *Marcum v. Salazar*, 694 F.3d 123 (D.C. Cir. 2012). *Marine Mammal* and *Career Education* involved regulations similar to 50 C.F.R. § 13.29 and *Marcum* involved the

---

[2]        Plaintiffs also contend that had they asked for reconsideration or appeal, they "could have been trapped indefinitely" in the agency process. The Court is not persuaded. 50 C.F.R. § 13.29 requires the "issuing officer…to notify the permittee of the Service's decision within 45 days of the receipt of the request for reconsideration." *Id*. at § 13.29(d). Likewise, the Regional Director or Director is required to issue the "final administrative decision" within "45 calendar days of receipt of [an] appeal." *Id*. at § 13.29(f).

same regulation. The one distinguishing factor between the present case and *Marine Mammal*,

*Career Education*, and *Marcum*, is that the plaintiffs in each of those cases had initiated the

review process and either abandoned it or pursued it simultaneously with judicial review. Here,

Plaintiffs failed to initiate the review process altogether. However, Plaintiffs do not argue, and

this Court does not conclude, that this distinction renders the outcome of *Marine Mammal*,

*Career Education*, and *Marcum* any less applicable to the present case.

 What is more, the Service's interpretation that 50 C.F.R. § 13.29 creates a mandatory

exhaustion requirement is neither plainly wrong nor inconsistent with the regulation. As such,

the Service's interpretation is entitled to a high level of deference. *Thomas Jefferson Univ. v.*

*Shalala*, 512 U.S. 504, 512 (1994); *St. Luke's Hosp. v. Sebelius*, 611 F.3d 900, 905 (D.C. Cir.

2010) (agency's interpretation of its own regulation is entitled to a high level of deference). An

agency's application of its own regulations receives "an even greater degree of deference than

the *Chevron* standard," *Consarc Corp. v. U.S. Treasury Dept.*, 71 F.3d 909, 915 (D.C. Cir. 1995)

and "may even hold when that interpretation first appears in the course of litigation." *Fabi*

*Constr. Co. v. Sec'y of Labor*, 508 F.3d 1077, 1081 (D.C. Cir. 2007), *citing Auer v. Robbins*, 519

U.S. 452, 462 (1997).

 In reaching this decision, the Court notes that there are some cases from outside this

jurisdiction that suggest that only exhaustion clauses expressly mandated by statute are

jurisdictional in nature, and that exhaustion clauses set forth in agency regulations may be

waived or excused. *See*, *e.g.*, *Hill v. Houff Transfer*, 2012 WL 5194080 (E.D. Va. Oct. 19, 2012);

*Gordon v. Office of Personal Management*, 2011 WL 345902 (D. Md. Feb. 2, 2011). The Court

finds the reasoning in these cases unpersuasive. However, even if the exhaustion requirement in

§ 13.29 was subject to waiver, the Court would decline to exercise its discretion to excuse

Plaintiffs' failure to exhaust their administrative remedies. In this District, it is rare for a court to waive exhaustion. *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Tr. of UDC*, 56 F.3d 1469, 1475 (D.C. Cir. 1995) (noting that the exhaustion requirement may be waived only in the most exceptional circumstances). A court may exercise its discretion to excuse exhaustion under the following circumstances: (1) when there are no facts in dispute, (2) when the disputed issue is outside the agency's expertise, or (3) when requiring exhaustion would be futile. *Avocados Plus Incorp. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (noting that "the district court may, in its discretion, excuse exhaustion if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further") (internal quotations and citations omitted). None of these factors exist in this case.

Moreover the Court finds that requiring exhaustion is particularly important in this case. Here, the Service found that the information provided by Plaintiffs was insufficient to allow the Service to make an enhancement finding (*i.e.* a finding that sport-hunting of markhors would "enhance" the survival of the species—a prerequisite for allowing the import of the trophies into the United States). *See e.g.* SAC at ¶¶ 65(b), 67(a). If Plaintiffs had requested reconsideration and/or appealed the inferior level decision and supplemented their applications with further evidence, the agency may have altered the decision in some manner. Or it may not have. Unfortunately, because Plaintiffs failed to exhaust the administrative remedies available to them, it is impossible to know what the agency would have done. In addition, Plaintiffs' complaint is rife with serious allegations of intra-agency inconsistencies, faulty agency review, and tampering with scientific conclusions. *See, generally,* SAC. Had Plaintiffs pursued reconsideration and appeal, these stark allegations would have been reviewed by higher agency authority, and

potentially resolved without judicial review. *See, Career Education,* 6 F.3d at 820; *see also*,

*Marine Mammal*, 134 F.3d at 412 ("Administrative appeals permit agencies to correct mistakes

by 'inferior' officers. Judicial reviews may thereby be entirely avoided"); *Marcum,* 694 F.3d at

129 (holding that action was not ripe for review by the district court, nor was summary judgment

in favor of agency ripe for review by the Court of Appeals because the agency did not take final

action on appellants' permit applications until the Director decided appellants' administrative

appeal, and this did not occur until after the district court issued its decision); *Wade v. F.C.C.*,

986 F.2d 1433, 1434 (D.C. Cir. 1993) (holding that "whether a party seeks agency

reconsideration before, simultaneous with, or after filing an appeal or petition for judicial

review…[the party's attempt to seek judicial review] must be dismissed as 'incurably

premature'") (citations omitted).

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have failed to exhaust the

administrative remedies available to them under 50 C.F.R. § 13.29 and that such failure is fatal to

their claim. Therefore, the Court grants the Service's motion for summary judgment and denies

Plaintiffs' cross motion for summary judgment.[3] An Order consistent with this Memorandum

Opinion is separately and contemporaneously issued this same day.

Dated this 29th day of January 2013.

*Barbara J Rothstein*
_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[3]        Given this finding, it is not necessary for the Court to address the remainder of the parties' arguments.